**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

JAMES DELFINO,

Petitioner,

v. CIVIL ACTION NO. 5:10-cv-00432

DAVID BERKEBILE,

Respondent.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed Petitioner's Amended Petition For Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket 6] and Motion for Reconsideration of the Magistrate Judge's Denial of Petitioners' Motions for Class Certification [Docket 14]. By Standing Order [Docket 3] entered on April 2, 2010, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636.

On May 21, 2010, the Magistrate Judge submitted Proposed Findings and Recommendation ("PF & R") [Docket 8]. He recommends that the Court find that Petitioner's Petition is not ripe for adjudication and that he has not exhausted his administrative remedies prior to seeking review under Section 2241. He further recommends that the Court dismiss Petitioner's Application for Writ of Habeas Corpus without prejudice. On June 10, 2010, Petitioner filed his response to the PF & R [Docket 13].

I.

On January 27, 2006, Petitioner was convicted in the United States District Court for the Eastern District of Virginia to one count of Conspiracy to Evade Taxes, in violation of 18 U.S.C. § 371; to two counts of Aiding and Abetting Tax Evasion, in violation of 26 U.S.C. § 7201 and 18 U.S.C. § 2; and one count of Aiding and Abetting Mail Fraud, in violation of 18 U.S.C. § 1341 and 18 U.S.C. § 2. United States v. Delfino, Criminal No. 3:05-cr-0202 (E.D.Va. Apr. 7, 2006). On April 27, 2006, the District Court sentenced Petitioner to a total term of 78 months imprisonment to be followed by a three year term of supervised release. *Id.* Petitioner timely appealed his sentence and conviction to the Fourth Circuit Court of Appeals. *Id.* The Fourth Circuit affirmed Petitioner's conviction and sentence on December 19, 2007. *Id.* On October 25, 2009, Petitioner, by counsel, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. *Id.* Petitioner's Section 2255 Motion is currently pending in the United States District Court for the Eastern District of Virginia. The Bureau of Prisons Inmate Locator indicates that Petitioner's projected release date is February 2, 2012. He is currently serving his sentence at FCI Beckley in Beaver, West Virginia. He filed his Section 2241 Petition on April 2, 2010, challenging the Bureau of Prison's policies relating to the placement of inmates in community re-entry centers.

II.

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or

legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). When reviewing portions of the PF & R de novo, the Court will consider the fact that Petitioner is acting pro se, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

III.

The issues posed by Petitioner are the subject of several pro se prisoner habeas petitions pending in this Court at the moment. Indeed, petitioners in the identical cases have requested consolidation and class certification to allow for their claims to be resolved at once. These requests have been denied.

Petitioner alleges that the Bureau of Prisons ("BOP") has promulgated policies and regulations that categorically deny inmates placement into residential re-entry centers longer than six months, despite Congressional intent that the limit be extended to twelve months. He asserts that these policies violate 18 U.S.C. §§ 3621(b), 3624(c), and the Administrative Procedure Act ("APA"). At the core of Petitioner's claim is BOP policies in implementing the federal statutes granting the BOP discretion in placing inmates and allowing the pre-release of prisoners to serve the final portion of their sentence in some sort of community re-entry program, referred to in this

opinion as an RRC. The statute providing for the placement of inmates, 18 U.S.C. § 3621, provides as follows:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering--
>
> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence--
>
> > (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> >
> > (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.
>
> In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status. The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another. The Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse. Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person.

28 U.S.C. § 3621(b). This statute grants the BOP authority to designate an inmate's placement in an appropriate facility, including an RRC. The BOP must consider the five factors set forth in the

statute in making that designation, but it is not restricted as to when during an inmate's sentence it makes a designation.

The second statute at issue, 18 U.S.C. § 3624, obligates the BOP to consider an inmate's RRC eligibility toward the end of his sentence, and limits the portion of an inmate's sentence that he may spend in an RRC. In 2007, § 3624 was amended by the Second Chance Act to extend from six months to twelve months the portion of the sentence that may be served in such a program. Section 3624 now provides:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1). The placement of an inmate in an RRC during the final portion of his sentence is sometimes referred to as "pre-release RRC placement," as opposed to the placement of an inmate in an RRC at any other point during his sentence pursuant to § 3621(b), which can be distinguished as "anytime RRC placement."

Petitioner complains that the BOP has yet to grant an FCI Beckley prisoner placement at an RRC for longer than the final six months of his sentence and has implemented policies to prevent any inmate from being considered for RRC placement for longer than six months. He asserts BOP-issued memoranda and program statements essentially foreclose any possibility of RRC placement for longer than six months. Specifically, he points to two memoranda addressed to "Chief Executive Officers" from the Assistant Director of Correctional Programs Division and the Assistant Director/General Counsel dated April 14, 2008, and November 14, 2008.

The April 14, 2008, memorandum describes the impact of the Second Chance Act on the statutory authority for pre-release placement. It informs BOP staff that the pre-release timeframe increased from six months to a maximum of twelve months, and the pre-release placement decisions are required to be made on an individual basis now. (Apr. 14, 2008, Mem. 2.) The memorandum explains that staff must make those decisions earlier, seventeen to nineteen months before an inmate's projected release date, to account for the increase in maximum placement time. (Apr. 14, 2008, Mem. 3.) The memorandum goes on to require staff to use the five factors in § 3621(b) in considering pre-release placement. It advises staff that inmates may not be automatically precluded from pre-release placement and an inmate's "pre-release RRC decision must be analyzed and supported under the five-factor criteria." (Apr. 14, 2008, Mem. 4.) The paragraph in the memorandum relating to Petitioner's claims is paragraph III(D) on page four. It provides:

> While the [Second Chance] Act makes inmates eligible for a maxium of 12 months pre-release RRC placements, Bureau experience reflects inmates' pre-release RRC needs can usually be accommodated by a placement of six months or less. Should staff determine an inmate's pre-release placement may require greater than six months, the Warden must obtain the Regional Director's written concurrence before submitting the placement to the Community Corrections Manager.

(Apr. 14, 2008, Mem. 4.)

The November 14, 2008, memorandum addresses "anytime RRC placement" or placement of inmates into RRCs when more than twelve months remain from their projected release date. That memorandum also requires staff to make individualized decisions on an inmate's request for transfer to an RRC during their sentence. (Nov. 14, 2008, Mem. 1.) It provides that "An RRC placement beyond six months should only occur when there are unusual or extraordinary circumstances justifying such placement, and the Regional Director concurs." (Nov. 14, 2008, Mem. 3.)

Petitioner contends that the promulgation of these BOP policies categorically denies inmates the opportunity to spend more than six months in an RRC, in violation of the Congressional intent behind the increase to a maximum of twelve months in 18 U.S.C. §§ 3621(b) and 3624(c). However, Petitioner fails to assert in his amended petition how these policies have injured him. Although Petitioner does not explicitly set forth his claims for relief in his amended petition, the Court construes his amended petition as raising two claims.[1] The first is a claim for habeas relief based on the BOP's denial of his request to be placed in an RRC pursuant to § 3621(b). The second is a claim for relief from what he presumes will be the future denial of his placement in an RRC for longer than six months pursuant to § 3624(c). It is implied, by his contention that the exhaustion requirement should be waived, that he has not exhausted administrative remedies on either claim. However, statements in his petition and amended petition imply that some exhaustion of administrative remedies has been attempted in one or both of his claims.

The problem Petitioner and others in his position encounter with respect to § 3624(c) is that the BOP may consider a prisoner's eligibility for pre-release RCC placement under that statute seventeen to nineteen months prior to his projected release date. Thus, the earliest Petitioner will know whether the BOP will place him in an RCC at all, let alone for no more than six months, is nineteen months before his release date. In many of these cases this presents issues of ripeness and exhaustion because, insofar as Petitioner objects to a speculative denial of RCC placement longer than six months, his claim is premature. Additionally, prisoners are required to exhaust administrative remedies prior to seeking habeas relief, and it is unclear what remedies Petitioner has

[1]Petitioner states that he "seeks the grant of habeas corpus relief from the rules and practices being utilized by the BOP relative to 18 U.S.C. Sections 3621(b) and 3624(c)," but he fails to assert how the polices are injuring him. (Am. Pet. 7.)

pursued, if any, and what remedies are available to him for his claims relating to the future application of BOP policies to his sentence. However, in this case, Petitioner's projected release date is February 2, 2012, so his eligibility for pre-release RRC placement should have been determined between July and September 2010.

Before addressing the PF&R and Petitioner's response thereto, it is necessary for the Court to know how much, if any, RRC placement Petitioner received. If he received more than six months, then his claims that the BOP is limiting the maximum RRC time to six months are moot. If the § 3621(b) factors were appropriately applied to him and he received less than six months, then presumably the BOP did not employ the internal policies that allegedly cap the maximum RRC time an inmate can receive at six months. Thus, anything other than a six month RRC placement may have mooted Petitioner's claims.

Accordingly, the Court **ORDERS** Respondent to file a limited response to the Amended Petition by May 8, 2011. The Response shall be in conformity with Rule 5 of the Rules Governing Section 2255 Proceedings for the United States District Courts and address Petitioner's allegations with respect to his § 3624(c) claim, including the outcome of his pre-release eligibility determination, and his § 3621(b) claim, including the status and details of the alleged denial of his anytime placement in an RRC, as well as any affirmative defense of exhaustion of administrative remedies. Petitioner may, if he wishes, file a Reply or Objections to Respondent's Answer by May 25, 2011.

With respect to Petitioner's Motion to Reconsider the Denial of Motion for Class Certification [Docket 14], the Court is bound by Fourth Circuit precedent holding that it is plain error to certify a class when a pro se litigant seeks to represent the class. *Lescs v. Martinsburg*

*Police Dept.*, 138 Fed.Appx. 562, 564 (4th Cir. 2005); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975). Accordingly, the Court **ORDERS** that Petitioner's Motion to Reconsider the Denial of Motion for Class Certification [Docket 14] be denied.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: March 23, 2011

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA