IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

JAMES DELFINO,

          Petitioner,

v.                                        CIVIL ACTION NO. 5:10-cv-00432

DAVID BERKEBILE,

          Respondent.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed Petitioner's Amended Petition For Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket 6]. On March 23, 2011, the Court entered an order declining to rule on Petitioner's Amended Petition and directing Respondent to file a limited response addressing Petitioner's § 3624(c) claim, including the outcome of his pre-release eligibility determination, and his § 3621(b) claim, including the status and details of the alleged denial of his anytime placement in an RRC, as well as any affirmative defense of exhaustion of administrative remedies [Docket 15]. On May 9, 2011, Respondent so responded.

The facts and background of this matter are set forth in the Court's previous order. The Court construed Petitioner's amended petition as raising two claims for relief based on (1) the Bureau of Prison's ("BOP") denial of his request to be placed in a residential re-entry center ("RRC") pursuant to 28 U.S.C. § 3621(b), and (2) what he presumes will be the future denial of his placement in an RRC for longer than six months pursuant to 28 U.S.C. § 3621(c). He cited BOP internal memoranda dated April 14, 2008, and November 14, 2008, which required BOP staff

members to seek concurrence from the Regional Director should they determine that an inmate required more than six months of pre-release placement, despite the statutory allowance of up to twelve months.

Respondent asserts that a June 24, 2010, BOP memorandum replaced the earlier two, and this newer memorandum provided guidance on RRC determinations at the time Petitioner's request was being reviewed. The new memorandum provides that Regional Director approval is no longer required for RRC placements for longer than six months. (Resp. 11.) Respondent asserts that Petitioner was reviewed for RRC placement on two occasions. (Resp. 4.) The first was in response to his request for immediate transfer. Respondent states that this request was denied after a review of the § 3621(b) factors that determine whether an inmate is eligible for RRC placement.[1] The

---

[1] The statute providing for the placement of inmates, 18 U.S.C. § 3621, provides as follows:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering--
>
> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence--
>
>     (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>
>     (B) recommending a type of penal or correctional facility as appropriate; and
>
> (continued...)

second occasion was his November 1, 2010, program review, during which the Unit Team evaluating Petitioner reviewed the § 3621(b) factors and determined that the factors weighed in favor of referring Petitioner for a 150-180 day RRC placement prior to his release date. (Resp. 4.)

> Specifically, the Unit Team found that
>
> (1.) There are very limited RRC resources in his release area. (2.) He is serving a 78 month sentence for Tax Evasion and Aiding and Abetting, Tax Evasion and Aiding Abetting (Felony), Mail Fraud [and] Aiding and Abetting (Felony)[.] (3.) He has no history of violence. He has H.S. Diploma, Associate Degree in Applied Science Business Computer Programming. He plans to reside with wife at his sister-in-law's house. He has four children. He has job skills as computer specialist. (4.) There were no statements by the court. (5.) There is no pertinent policy by the Sentencing Commission. He is being referred for 150-180 day RRC placement. Upon release date of 2-02-12.

(Resp. 4-5.) For these reasons Respondent states that "Petitioner's release preparation needs are fewer than many other inmates approaching release, meaning that he needs less time in an RRC to readjust to society." (Resp. 9.) It appears that the BOP fulfilled its requirements in determining whether Petitioner is eligible for RRC placement, and that it appropriately responded to Petitioner's requests.

To prove that he is entitled to habeas corpus relief under 28 U.S.C. § 2241, Petitioner must establish that he is "in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2241(c)(3). The BOP is not required to place an inmate in an RRC for any amount of time. *See Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 251 (3d Cir.2005) ("[T]hat the BOP may assign a prisoner to a [RCC] [for 12 months] does not mean that it must").

---

[1](...continued)
(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

Where the BOP has fulfilled its statutory requirements in determining Petitioner's eligibility for RRC placement, Plaintiff has not established a violation.  Petitioner has no protected liberty interest in an RRC placement.  The BOP's policies in making an individualized determination of whether an inmate is eligible for any amount of RRC placement are reasonable and "facially consistent with [18 U.S.C. §3624]."  *Sacora v. Thomas*, 628 F.3d 1059, 1066 (9th Cir. 2010).

Petitioner replied to Respondent on June 1, 2011.  He asserts that the BOP's RRC decisions were untimely, that its analysis of the §3621(b) factors was disingenuous, and that Respondent acted in bad faith when performing the evaluations.  He goes on to request relief outside the relief initially requested, including financial compensation in the amount of $320,000.  Petitioner has exaggerated the scope of the Court's role here.  Inasmuch as the BOP utilized the factors set forth in the relevant statute and did not exceed its authority, its determination as to Petitioner's placement does not violate any federal law.  *See Fournier v. Zickefoose*, 620 F.Supp.2d 313, 318 (D.Conn.2009) ("Once the court has determined that the BOP did not exceed its authority in reaching its decision, it is beyond the purview of the court to second guess the outcome.").

Accordingly, the Court **ORDERS** that Petitioner's Amended Petition For Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket 6] be **DENIED** and that this matter be **DISMISSED** and removed from the Court's docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.                                        ENTER:         August 1, 2011

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA